OPINION OF THE COURT
Kevin J. Kerrigan, J.
It is ordered that the petition and cross motion are decided as follows:
Application by the City for an order granting it access to the land and exterior of the building on block 655, lot 19, also known as 32-45 37th Street, and block 655, lot 16, also known as 32-51 37th Street, in Queens County, in order to perform *452 the emergency demolition of the adjoining abandoned premises, lot 18, at 32-49 37th Street, is granted.
Pursuant to the emergency declaration issued by the Department of Buildings (DOB) on September 13, 2016 finding that the 32-49 property is in an advanced stage of deterioration, unstable and at risk of collapse, thus posing an immediate danger to the adjacent properties and the public, it was ordered that the building be demolished.
In preparation for the demolition, the City’s contractor has erected protective scaffolding on the facade and roof of the condemned structure in order to protect the public from falling demolition debris. It is undisputed that in order to perform the demolition safely, and to protect the adjacent properties and public from falling demolition debris, it is also necessary to erect scaffolding on the facades and roofs of the adjacent properties, which are attached to the 32-49 property. Nevertheless, respondent owners of the aforementioned adjoining properties have refused to allow the City’s contractor access to their properties to erect protective scaffolding unless the City either has its contractor add them and all occupants in their premises as obligees under its performance bond or obtains a separate repair bond naming respondents and the occupants as obligees, stipulates to reimburse and indemnify respondents and occupants for all costs of the demolition, including legal fees incurred in responding to the instant petition and any repair and relocation costs, requires the contractor to provide revised certificates of insurance and an indemnification letter adding respondents and occupants, as well as to revise the indemnification letter to expand the scope of such indemnification to cover relocation costs and lost rental income if the occupants are displaced by the demolition work, and requires the contractor to provide respondents with the results of a pre-construction inspection of their adjoining properties.
Respondents cross-move for an order converting the instant proceeding seeking emergency access into one pursuant to RPAPL 881 for a license to enter upon respondents’ premises “upon such terms as justice requires,” those terms being the aforementioned demands by respondents, or, in the alternative, to dismiss the petition pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.
The City bases its petition upon section 643 of the New York City Charter and section 28-215.1 of the Administrative Code of the City of New York, as well as section 28-103.13 of the Administrative Code and section 398 of the NY City Charter.
*453 The right of entry provision of section 28-103.13 only provides authorization to the DOB to enter premises for inspecting them to determine their compliance with the Building Code and building laws, and, therefore, has no application to this petition for access to respondents’ adjoining properties. Section 398 of the NY City Charter also is inapplicable since that section allows for an ex parte application to gain access to premises to abate a nuisance thereon and the City is not seeking entry onto respondents’ properties for the purpose of abating a nuisance thereon.
Section 28-215.1 of the Administrative Code grants the DOB the power to direct the Department of Housing Preservation and Development (HPD) to perform or arrange the performance of an emergency demolition of a building when the DOB has determined that the building is in imminent danger of collapse and that any delay may further endanger the public. Section 643 of the NY City Charter grants the DOB the power to enforce, inter alia, the Building Code and to demolish unsafe buildings. Although these provisions authorize the demolition of an unsafe building and do not specifically grant the City authority to enter onto adjacent property in order to do so, it is the opinion of this court that implicit in these sections is the authority of the City pursuant to its broad police power to remedy dangerous conditions that pose an immediate threat to life and safety, and that such police power gives the City the authority to do whatever is reasonable to effectuate the mandates of the Administrative Code and NY City Charter relating to unsafe buildings, including entering upon adjoining property for the limited purpose of effecting the demolition of the neighboring property. Therefore, the petition states a cognizable cause of action.
Section 28-215.1 of the Administrative Code and section 643 of the NY City Charter do not require the City to obtain permission of adjacent property owners and residents to demolish an unsafe structure. Neither do these sections, nor any other sections of the Administrative Code or NY City Charter, impose upon the City the requirement of obtaining repair bonds in favor of the adjoining property owners, compelling its contractor to add the adjoining owners as additional obligees under performance bonds with the City, obtaining insurance indemnification for relocation and lost rental income of the adjacent property owners, or providing pre-construction inspection reports to the adjoining property owners as conditions for their allowing the demolition of the unsafe building.
*454 Respondents’ counsel’s position, therefore, that although respondents do not challenge the determination of the DOB that demolition of the 32-49 property is necessary and they are not refusing access to their properties in connection with the demolition, “they merely require the appropriate safeguards be put in place to protect the Impacted Properties and their occupants from any damage which arise during the demolition, whether by damage to the Impacted Properties or displacement of the occupants thereof,” is without basis in law. Indeed, although respondents’ counsel does not contend that the City is required to obtain their permission to demolish the unsafe building, and although the instant proceeding only seeks access to respondents’ properties to set up protective scaffolding to protect those properties and the public, he nevertheless demands that the City provide respondents with the aforementioned financial assurances against any damage to them caused by the demolition of the condemned structure, rather than damage related to the setting up and maintenance of the scaffolding on their properties. Moreover, this court notes that RPAPL 881, which respondents’ counsel contends is the proper statutory authority for the relief the City seeks, only imposes liability upon the licensee to the adjoining owner “for actual damages occurring as a result of the entry,” which, if that section were applicable, would be the damage caused by setting up and maintaining the scaffolding on their adjoining premises, not any damage caused by the demolition work on the condemned property. Thus, counsel cites no applicable law, statutory or otherwise, to support his demand that access to respondents’ properties be conditioned upon the City providing the aforementioned financial assurances for damages resulting from the demolition of the condemned property. There is certainly no basis for conditioning access to respondents’ properties to enable the demolition of the unsafe building upon the City paying respondents’ attorneys fees and expenses incurred in answering the instant petition.
Since the City has the inherent authority under its broad police power as reflected in the NY City Charter and Administrative Code to take whatever actions are reasonably required to effectuate the mandate given the DOB and HPD to enforce the Building Code and laws and remedy unsafe building conditions, and since it is undisputed that the abandoned 32-49 property is in a state of imminent structural collapse posing an immediate threat to public safety, and that the demolition of *455 that structure, pursuant to court order, cannot be effectuated without setting up protective scaffolding on the adjacent properties for the protection of the adjacent properties, the occupants thereof and the public, it is hereby ordered that petitioners and their contractors shall have immediate and unconditional access to the exterior of the properties at 32-45 37th Street and 32-51 37th Street to set up scaffolding and work thereon specified by petitioners to secure such properties and safeguard its occupants and the public from damage or injury caused by the demolition of the unsafe building at 32-49 37th Street and petitioners and their contractors may commence demolition of 32-49 37th Street forthwith.
However, since the City represents that it has no objection to having respondents and anyone else added to the contractor’s liability insurance policy as additional insured payees, it is further ordered that the City provide respondents no later than July 13, 2017 with a copy of their contractor’s liability insurance policy adding as additional insured payees those respondents, and any other occupants of respondents’ premises that respondents’ counsel shall designate by 4:00 p.m. this day, who are not already listed in the contractor’s existing liability insurance policy.
Cross motion by respondents to convert this petition into a petition for a license pursuant to RPAPL 881 is denied. That section only grants authority to a property owner who wishes to make improvements to the property that cannot be made unless the owner has access to an adjoining property and the adjoining property owner or lessee refuses to grant permission for entry onto the adjoining property to commence a special proceeding for a license to enter upon adjoining property in order to effect the improvements. Therefore, that section of the RPAPL has no application to the instant matter.
Petitioners may enter judgment accordingly.